IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE McKINNEY | : | CIVIL ACTION NO. 08-CV-1054 |
| Plaintiff, | : | |
| vs. | : | |
| DELAWARE COUNTY MEMORIAL HOSPITAL and CROZER-KEYSTONE HEALTH SYSTEM, | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

### I.  FACTS, INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Denise McKinney has filed a discrimination case against her former employer, DCMH on the basis of a *perceived* disability. Ms. McKinney does not claim to suffer from drug addiction. She claims that the defendant *erroneously* perceived her to suffer from such an addiction in the fall of 2005. Plaintiff is not claiming that she needs an accommodation due to a permanent, ongoing impairment as in the typical ADA case. She does not claim that there are any current medical records which support her claim that she is not a drug user - and she is not required to do so. The case is about defendants' perception at the time of the events and no more.

In her amended complaint she did not make any allegations of a specific or severe psychological injury. Plaintiff's amended complaint simply contains an allegation that she suffered emotional distress as a result of her constructive discharge. It is a garden variety claim for non-economic damages based upon her response to how she was treated by the hospital. She has not seen any professional therapists for treatment and she has no plans to rely on any professionals to provide expert testimony about her emotional damages at trial.

Therefore this case presents a straightforward issue; *viz.*, whether or not a plain vanilla, garden variety allegation of emotional distress in a discrimination case, made by a plaintiff who has received no medical treatment and does not expect to submit medical testimony on this issue, entitles the defendant to a full waiver and disclosure of all plaintiff's medical records. Ms. McKinney contends that the Defendants have not established a right to obtain her medical records, because she has not waived her statutory privilege in said records.

## II.  ARGUMENT

### A.  PLAINTIFF HAS NOT AFFIRMATIVELY PLACED HER CURRENT PHYSICAL CONDITION AT ISSUE IN THE CASE AT BAR

Plaintiff has not affirmatively placed her *current* physical condition at issue as she alleges that she did not have an addiction to prescription drugs at the time of the events complained of. Defendant made its employment decisions in 2005. (Plaintiff does deny having any current addiction to drugs but that is not a part of her amended complaint). Plaintiff was examined by Dr. George Woody in August 2007 as part of the Commonwealth's requirement that she be evaluated. Ms. McKinney provided copies of her medical records to Dr. Woody in connection with the evaluation. Plaintiff has therefore agreed to provide a release to Defendants **only** for her medical records up through the time of her evaluation by Dr. Woody.

However, her current medical condition is not at issue and she does not waive the physician-patient privilege for any medical treatment she has received since that evaluation. Plaintiff will not be relying on any treating doctor's notes since the evaluation to show a negative – ie that she does not suffer from an addition to prescription medication. The issue in the case is Defendant's perception at the time of the events in question and the records of plaintiff's *current* treating physicians will shed no light on her condition in 2005 and early 2006. The records are therefore not relevant and should not be ordered to be compelled.

> B. **PLAINTIFF HAS NOT PLACED THE STATE OF HER MENTAL HEALTH AT ISSUE IN THE CASE AT BAR.**
>
> 1. **Plaintiff Has Filed A Garden Variety Discrimination Case, Alleging That Her Discriminatory Discharge Caused Her To Experience Emotional Distress.**

The issue presented by Defendants' request for medical records is whether or not the Plaintiff has her waived medical records privilege simply as a consequence of seeking "garden variety" emotional damages in her ADA discrimination complaint. It is the Plaintiff's position that the medical records privilege is *not* waived unless she makes affirmative use of the privileged material (*assuming for argument's sake that any such material actually exists in the first place*) in connection with the prosecution of her case. See, *Bowen v. Parking Auth.*, 214 F.R.D. 188 (D.N.J. 2003); *Sorenson v. H & R Block, Inc.*, 197 F.R.D. 199 (D. Mass. 2000); *Ricks v. Abbott Labs.*, 198 F.R.D. 647 (D. Md. 2001); *O'Sullivan v. Minnesota*, 176 F.R.D. 325 (D. Minn. 1997); *Garcia-Vazquez v. Frito Lay Snacks Caribbean, Inc.*, 2001 U.S. Dist. LEXIS 1699 (D.P.R. Feb. 15, 2001); *Flanagan v. Keller Prods.*, 2001 U.S. Dist. LEXIS 21881 (D.N.H. 2001); *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003); *Houghton v. M&F Fishing, Inc.*, 198 F.R.D. 666 (S.D. Cal. 2001); *Turner v. Imperial Stores*, 161 F.R.D. 89, 91-96 (S.D. Cal.1995); *Fritsch v. City of Chula Vista, et. al.*, 187 F.R.D. 614 (S.D. Cal. 1999); *Morrisette v. Kennebec County*, 2001 U.S. Dist. LEXIS 13309 (D. Me. Aug. 21, 2001).

Additionally, a garden-variety, plain vanilla reference to emotional distress in an employment case does not establish any waiver of the physician-patient privilege. See, *e.g.*, *In re Sims*, 534 F.3d 117 (2nd Cir. 2008); *Ford v. Contra Costa County,* 179 F.R.D. 579, 579-80 (N.D. Cal. 1998)*; EEOC v. Old Western Furniture Corp.*, 173 F.R.D. 444, 445-46 (W.D. Tex. 1996); *Neal v. Siegel-Robert, Inc.*, 171 F.R.D. 264 (E.D. Mo. 1996). This is described as the "narrow" waiver position. Other courts have taken the approach that even a claim for garden-

variety emotional distress damages will result in a waiver, otherwise known as the "broad" waiver position. See *Doe v. Dairy*, 456 F.3d 704 (7th Cir. 2006); *Schoffstall v. Henderson*, 223 F.3d 818 (8th Cir. 2000); *Topol v. Trustee of University of Pa.*, 160 F.R.D. 476 (E.D. Pa. 1995); *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131 (E.D. Pa. 2001); and *Lanning v. SEPTA*, 1997 WL 597905 (Sept. 17, 1997).[1]

In *Sims*, the plaintiff had sued for a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. The plaintiff did not raise any claims for non-garden variety emotional distress. At his deposition he had testified that he suffered from depression. The defendant moved to compel the release of his medical records. While the magistrate denied Defendant's motion to compel the district court disagreed and held that the plaintiff had waived his physician patient privilege. In response to a petition for a writ of mandamus the Second Circuit Court of Appeals reversed, holding that where a plaintiff has only raised garden variety claims for emotional distress he has not affirmatively put his mental condition in issue and not waived his privilege. In doing so, the Court cited with approval the holding of the D.C. Circuit Court of Appeals in *Koch v. Cox*, 489 F.3d 384 (D.C. Cir 2007) that a plaintiff who testifies generally about his emotional distress does not waive his right to privacy.[2]

In *Fritsch*, *supra*, the plaintiff, who was a former assistant city attorney, was fired for refusing to submit to a psychiatric evaluation. *Id.*, at 615. The plaintiff alleged employment discrimination under the Americans with Disabilities Act and retaliatory action. The plaintiff

---

[1] While defendant cites the holding of *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127 (E.D. Pa. 1997) as support for its position of a waiver occurring that case is inapposite as there the plaintiff brought a claim under the ADA *based upon her psychological condition* and clearly waived her physician-patient privilege.

[2] In the latter case the plaintiff did not make a claim for even garden variety emotional distress but the Defendant argued that plaintiff's testifying about suffering from depression at his deposition resulted in a waiver of his privilege.

also alleged violations of the California Fair Employment and Housing Act, invasion of privacy, breach of an implied contract of employment, and defamation. *Fritsch*, 187 F.R.D. at 629.

After an extensive review of cases addressing when a court can compel discovery of a patient's privileged communications with a psychotherapist, the court determined that a number of other courts found waiver when the party intended to call the therapist as a witness, when the substance of the communications were at issue, or when the patients claimed that they suffered from a mental illness. *Id.* The *Fritsch* court determined that these courts did not give enough weight to the psychotherapist-patient privilege because they determined that the privilege was waived because the mental state was "at issue," rather than looking to the facts of the case. *Id.* Fritsch was not required to turn over his medical records.

The issue of whether a waiver has occurred has been hotly debated in federal courts throughout the nation. See, *e.g.*, *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 531 (N.D. Ill. 1999)(holding that plaintiff did not waive psychotherapist-patient privilege by seeking emotional distress damages where he did not put at issue the consultations he had or treatments he received from mental health professionals); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D. Mass. 1997); *Booker v. City of Boston*, 1999 U.S. Dist. LEXIS 14402, 1999 WL 734644 at 1 (D. Mass. Sept. 10, 1999) (holding that privilege is not waived by a claim for emotional distress unless the plaintiff makes positive use of the privileged material in the prosecution of her case); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 308-09 (N.D. Ill. 1999) (privilege not waived so long as plaintiff limits her testimony of emotional distress damage to common humiliation, and embarrassment, prohibiting testimony as to clinical diagnosis such as depression and sleeplessness); *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D.196, 199 (N.D. Tex. 1995) ("although the cases analyzing [the 'in controversy'] requirement fail to provide a definitive test

for deciding the issue, a distinction between the cases has emerged in favor of an examination when a plaintiff has alleged a separate tort claim for emotional distress"); *Ruhlmann v. Ulster County Dep't of Social Servs.*, 194 F.R.D. 445 (N.D.N.Y 2000); *Fox v. Gates Corp.*, 179 F.R.D. 303 (D. Colo. 1998); *Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000) (wide-ranging discussion of numerous cases, analyzing the "broad view" of waiver vs. the "narrow view").

The decisions have generally split into two camps, with *Sims* and *Vanderbilt* representing the "narrow" view of waiver, and *Sarko* the "broad" view. While the holding in *Sarko* can be distinguished from the instant case (see footnote 1 infra) *Sanchez* is a typical case representing the "broad" view of waiver.

It is important to note that the potential for abuse under the "broad" waiver approach is substantial. See, *Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 383 (E.D. Tex. 1997) (taking note in context of Rule 26 of "tremendous potential for abuse that exists when a defendant has unfettered access to a plaintiff's medical records"); *Smith v. J.I.Case Corp.*, *Id.*, 163 F.R.D. at 232 (taking note of same in context of Rule 35).

In *Hardy v. ESSROC Materials*, 1998 U.S. Dist. LEXIS 2390 (E.D. Pa. Feb. 18, 1998) the Court held that a defendant seeking to compel an examination[3] under Rule 35(a) must show that the plaintiff's emotional distress claim is more than simply a component of her statutory cause of action. As existing authority makes clear, however, "most cases where mental examinations have been allowed have either involved a separate tort claim for emotional distress or an allegation of ongoing severe mental injury." *Bridges v. Eastman Kodak Co.*, *supra*, 850 F. Supp. at 222; *Curtis v. Express, Inc.*, 868 F. Supp. 467, 468-469 (N.D. N.Y. 1994)(finding Rule 35 examination inappropriate where plaintiff not raising claims for ongoing psychological harm

---

[3]Although the Defendant has not attempted to seek an independent medical examination, cases pertaining to this issue under F.R.C.P. 35 are similar to simple disclosure and waiver issues arising under F.R.C.P. 26.

at trial, even though claims originally made in complaint); *O'Quinn v. New York Univ. Med. Ctr.*, 163 F.R.D. 226, 228 (S.D.N.Y. 1995); *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (M.D. Fla. 1988); *Cody v. Marriott Corp.*, 103 F.R.D. 421, 423 (D. Mass. 1984) (finding mental condition not in controversy where a simple claim for emotional distress is made); *Vinson v. Superior Court*, 740 P. 2d 404, 409 (Cal. 1987); *Sabree v. United Brotherhood of Carpenters & Joiners, Local No. 33*, 126 F.R.D. 422, 426 (D. Mass. 1989) (holding plaintiff's mental condition not at issue when defendant made F.R.C.P. 34 request for psychiatrist's documents concerning plaintiff where complaint set forth "garden variety" claim for emotional distress).

*Ruhlmann v. Ulster County Dep't of Soc. Services*, *supra*, explores the reasons for the current judicial application of a narrow waiver analysis for garden-variety claims. *Id.*, at 450. In *Ruhlmann*, the plaintiff was a former county employee with the Department of Social Services. Ruhlmann was involuntarily placed in a mental institution following allegations that he made threats to other employees. As a result, disciplinary charges were filed against Ruhlmann, which ultimately led to his resignation. In response, Ruhlmann filed a lawsuit claiming multiple violations of federal and state law, as well as damages for mental and emotional suffering. Based on Ruhlmann's claim for mental and emotional suffering, the defendant requested Ruhlmann's medical and psychiatric files from the previous five years. The magistrate judge allowed such discovery and Ruhlmann appealed the decision. Ruhlmann sought to protect his past psychiatric records, stating that his emotional condition was not at issue merely because he was seeking relief for emotional damages.

In reviewing the issue, the court noted the split amongst the courts on the issue of waiver. Ruhlmann advocated the use of the narrow interpretation, finding waiver only when a plaintiff

affirmatively asserts his mental condition.  The defendants, however, advocated a broad interpretation, finding waiver when a plaintiff seeks any emotional damage, subjecting all psychiatric records to the discovery process.  The court held that Ruhlmann's garden-variety claim for emotional distress did not waive the psychotherapist-patient privilege.

In *Sorenson v. H&R Block, Inc.*, *supra*, the defendants released the plaintiffs' tax information to the IRS, resulting in a criminal and civil investigation.  In response, the plaintiffs sought damages under state law including monetary compensation for mental anguish, severe emotional distress, humiliation, personal indignity, emotional pain, embarrassment and anxiety.  The Court found that Massachusetts consistently applied a narrow interpretation of waiver.  The cases suggested that mental or psychological injury requiring expert testimony in order to prove the plaintiff's case should be considered waived while, in the alternative, garden-variety emotional distress, not requiring expert testimony, should not waive the psychotherapist-patient privilege.  Delineating the contours of the garden-variety exception, the court noted that the plaintiff cannot try to offer testimony of a psychotherapist, introduce records of treatment at trial or try to introduce the substance of any communications with psychotherapists without waiving the privilege.

The Colorado Supreme Court, in a similar type of decision, noted that a "garden-variety" claim should not constitute waiver of the psychotherapist-patient privilege because the emotional condition of a claimant may only be "peripherally involved" therefore, providing no justification for waiver.  *Johnson v. Trujillo*, 977 P. 2d 152, 158 (Colo. 1999).  See also, *Vanderbilt*, *supra*, 174 F.R.D. at 230 (no waiver where plaintiff merely seeks damages for emotional distress unless she uses "the substance of her communications by calling her psychotherapist as a witness...or by testifying to the substance of the communication herself").

Similarly, in *Santelli v. Electro-Motive*, *supra*, 188 F.R.D. at 309, the court held that the plaintiff avoided waiver of the privilege by limiting the compensation she sought to humiliation, embarrassment, anger, and other similar emotions. Also, in *Jackson v. Chubb Corp.*, *supra*, the court similarly held that, if a plaintiff merely alleged garden-variety emotional distress – and not "a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress" – she did not waive the psychotherapist-patient privilege. *Id.*, at 226. The *Jackson* court arrived at this conclusion by analogizing to case law applying F.R.C.P. 35(a) which governs court orders for physical or mental examinations when a party's physical or mental condition is "in controversy." The court noted that, under the Rule 35(a), a plaintiff's mental condition was not in controversy simply because she alleged garden-variety emotional distress. Rather, something more was required. See *Jackson*, 193 F.R.D. at 226.

Ms. McKinney contends the narrow waiver position is the appropriate one the Court should take on this sensitive issue. While there is authority from the Eastern District that the broad waiver position is proper the Third Circuit has not ruled on the issue. The Second Circuit Court of Appeals, which is often followed by the Third Circuit, has ruled in favor of the narrow waiver position on the issue and should be followed by this Court even though its decision is not binding as a matter of law.

### III. CONCLUSION

Plaintiff Denise McKinney, based upon the foregoing arguments and authorities, respectfully requests the Court deny Defendants' Motion To Compel.

This 23rd day of February, 2009.

                                          _s/Ralph E. Lamar, IV_
                                          RALPH E. LAMAR, IV
                                          1304 Lincoln Drive West

Ambler, PA 19002
(215) 643-3711
(215) 643-3811 facsimile
ralph.lamar@verizon.net

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I, Ralph E. Lamar, IV, Esquire hereby certify that on this the 23rd day of February, 2009, I caused a true and correct copy of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Compel to be served today by electronic mail or First Class Postage-Prepaid Mail upon counsel for Defendants at the address listed below:

        Edward S. Mazurek
        Jonathan S. Krouse
        Morgan Lewis & Bockius
        1701 Market Street
        Philadelphia, PA 19103-2921

        By: __s/Ralph E. Lamar, IV____
            RALPH E. LAMAR, IV
            ATTORNEY FOR PLAINTIFF